# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRIENDS OF THE EARTH<br>1101 15th Street, NW<br>11th Floor<br>Washington, DC 20005,<br><br>      Plaintiff,<br><br> v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC<br>ADMINISTRATION<br>1315 East-West Highway<br>Silver Spring, Montgomery County, MD 20910,<br><br>      Defendant. | NO. 8:19-cv-2745<br><br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF |

## INTRODUCTION

1. Plaintiff Friends of the Earth (FoE) brings this case to remedy violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by the National Oceanic and Atmospheric Administration (NOAA). The violations arise out of NOAA's continuing failure to respond to FoE's FOIA request.

2. FoE filed a FOIA request with NOAA on September 10, 2018, seeking recent records related to how NOAA processes and resolves FOIA requests and fee waivers.

3. During the year and a half leading up to the date of the request, NOAA had delayed, hindered, and failed to respond to several other FOIA requests from FoE. NOAA's practices prevented FoE from timely obtaining documents that were important to advancing its organizational mission to promote environmental and marine conservation.

4. FoE therefore filed the instant FOIA request to better understand how NOAA processes the FOIA requests of FoE and others, and, given NOAA's past FOIA violations, how the agency has attempted to comply with FOIA and other government transparency directives.

5. NOAA's response to the FOIA request to date has been marked by foot dragging and stonewalling. NOAA has made no determination on the request, violating the statutory October 6, 2018 deadline by which the agency was required to do so. Nor has the agency produced records in response to the bulk of FoE's request, despite admitting that it possesses additional responsive records.

6. By failing to provide the requested records, NOAA is actively impeding FoE's access to government information and blocking its ability to carry out its organizational missions.

7. Having constructively exhausted its administrative remedies with NOAA, FoE now turns to this Court to enforce FOIA's guarantee of public access to agency records and to remedy NOAA's withholding of that access. Accordingly, FoE asks this Court to: 1) declare that NOAA has violated FOIA by failing to make a determination on FoE's FOIA request and by withholding the requested records; 2) order NOAA to immediately provide FoE with a legally compliant response to its outstanding record request; 3) order NOAA to promptly provide FoE all responsive records; and 4) grant other appropriate relief, including attorney fees and costs.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 552(a)(4)(B) (FOIA).

9. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) because the requested agency records are situated in this District. Venue also is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e)(1) because NOAA's headquarters are located in this District and a substantial part of the events and omissions which gave rise to this action occurred in this District.

10. This Court has authority to grant the requested relief in this case pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), (E), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

**PARTIES**

11. Plaintiff FRIENDS OF THE EARTH is a nonprofit organization with offices in Berkeley, California and Washington, D.C. For more than 40 years, it has championed the causes of a clean and sustainable environment, protection of the nation's public lands and waterways, and the exposure of political malfeasance and corporate greed. FoE's Oceans and Vessels Program works to fight industrialization of the ocean in all its forms and has won regional, national, and international limits on air, water, and oil pollution from cruise ships, cargo ships, oil tankers, ferries, and recreational water craft. Specific to NOAA's jurisdiction, the Oceans and Vessels Program includes campaigns devoted to marine sanctuaries, offshore drilling and related activities, and marine aquaculture. Key to the organization's work is agency transparency, cooperation, and compliance with laws guaranteeing public access and participation. FoE has more than 310,000 members, including members who live and recreate along the Atlantic, Pacific, and Gulf of Mexico coasts.

12. Defendant NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION is an agency of the U.S. Department of Commerce. The principal office and the FOIA office of NOAA are located in Silver Spring, Montgomery County, Maryland. NOAA is in possession and control of the records that FoE seeks, and therefore is subject to FOIA pursuant to 5 U.S.C. § 552(f).

**STATUTORY BACKGROUND**

13. FOIA's basic purpose is to ensure government transparency and the expeditious

disclosure of government records. FOIA creates a statutory right of public access to agency records by requiring that federal agencies make records available to any person upon request. 5 U.S.C. § 552(a)(3)(A).

14. FOIA imposes strict deadlines on federal agencies to respond to requests. FOIA requires an agency to issue a final determination resolving an information request within 20 business days from the date of its receipt and to immediately notify the requester of its determination and the reasons therefore. *Id.* § 552(a)(6)(A)(i). This provision requires the agency to "(i) gather and review the documents; (ii) determine and communicate the scope of the agency's documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013); *see* 5 U.S.C. § 552(a)(6)(A)(i).

15. An agency may extend this 20-day period only in "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of 10 working days. *Id.* § 552(a)(6)(B)(i); *see also* 15 C.F.R. § 4.6(b), (d). An agency only may avail itself of this extension if it has notified the requestor in writing, "setting forth the unusual circumstances for such extension and the date on which a determination is expected." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 15 C.F.R. § 4.6(d)(1).

16. Agencies are required to provide "an estimated date on which the agency will complete action on the request" whenever a request will take more than 10 days to resolve. 5 U.S.C. § 552(a)(7)(B).

17. The agency must then make the requested records "promptly" available. *Id.* § 552(a)(3)(A). In so doing, the agency must make reasonable efforts to search for records in a

manner that is reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C), (D).

18. The agency may withhold from production the limited classes of records exempted under *Id.* § 552(b). For any record withheld, the agency bears the burden of proving that one of the statutory exemptions applies. *Id.* § 552(a)(4)(B). Even if some information is exempt from disclosure, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." *Id.* § 552(b).

19. An agency's failure to comply with any of FOIA's deadlines constitutes a constructive denial of the request, and the requester's administrative remedies are deemed exhausted for purposes of litigation. *Id.* § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

### I. FRIENDS OF THE EARTH'S WORK ON MARINE FINFISH AQUACULTURE

20. Since 2017, FoE has been working to increase public awareness of federal activity with regard to marine finfish aquaculture in the United States. Aquaculture is the farming of underwater organisms like mollusks, crustaceans, and finfish. "Marine finfish aquaculture" is essentially the mass cultivation of finfish in the ocean in underwater nets, pods, or cages. This form of aquaculture poses significant environmental and socio-economic problems, including but not limited to: marine mammal and seabird entanglement; privatization of public waterways; farmed fish spills that spread disease and threaten wild fish stocks; discharge of untreated fish waste, pharmaceuticals, and other toxins; and impacts to wild-capture fisheries.

21. In recent years, NOAA has prioritized the growth of the marine aquaculture industry in U.S. waterways as a solution to reduce the seafood trade deficit, create new job opportunities, and produce healthy and sustainable seafood.

22. FoE has significant concerns over the agency's approach to increasing domestic

5

aquaculture production without proper consideration for the many environmental and socio-economic problems associated with marine finfish aquaculture.

23. As part of this work, FoE has submitted a number of FOIA requests for records related to the agency's support for, promotion of, and decisionmaking regarding the industry.

II. NOAA'S RECENT HISTORY OF OBSTRUCTING FOE'S FOIA REQUESTS

24. Over the past two years, NOAA has repeatedly delayed, hindered, and failed to respond FoE's FOIA requests for records that are important to advancing the organization's mission of protecting the nation's oceans and waterways.

25. FoE submitted nine FOIA requests to NOAA between September 2017 and April 2018, but received a final determination or response within FOIA's statutory deadline for only two of those requests. Three of those requests remain pending, despite due dates passing as long as 15 months ago.

26. In addition to unlawfully delaying its responses, NOAA has taken other actions that have hindered FoE's access to records under FOIA.

27. For example, NOAA asserted a blanket exemption to fully withhold all responsive records to one of the organization's requests. The Department of Commerce's administrative appeal body found the withholding unlawful and ordered NOAA to make a new determination on the request. NOAA took no further action on the request, forcing FoE to file a lawsuit to compel the agency to respond.

28. In another case, NOAA denied FoE's request for a waiver of production fees, arbitrarily claiming that records regarding the federal aquaculture funding are not in the public interest. Due to the urgent need for the records, FoE could not take the time to appeal the denial and had to pay a substantial fee to obtain the records as a result.

29. FoE also suspects that NOAA has omitted records that agency staff identified as

responsive from its final releases without claiming an exemption or otherwise acknowledging that the records exist. For example, NOAA responded that "no records" were responsive to two of FoE's recent requests, even though the requests involved NOAA's publically announced programs.

30. NOAA's hindrance of FoE's FOIA requests has prevented the organization from advancing its organizational and public interest objectives, and significantly subverts FOIA's transparency mandates.

III.   FOE'S REQUEST FOR RECORDS FROM NOAA'S FOIA OFFICE

31. On September 10, 2018, FoE submitted a FOIA request to NOAA seeking records related to any "policies or guidance governing [NOAA's] processing and disposition of FOIA requests created, stored, or received since January 20, 2017."

32. FoE specifically requested "all records reflecting any communication—written or verbal—to or from" listed NOAA officials and staff "concerning any policies, procedures, guidelines, protocols, directives, guidance, or other instructions on the processing, assignment, handling, or disposition of FOIA requests received by NOAA."

33. FoE further requested copies of all FOIA requests received by NOAA (and assigned to certain offices within NOAA headquarters or to the National Marine Fisheries Service) and all response letters NOAA sent to any such FOIA requestor since November 1, 2016.

34. FoE requested a public interest waiver of search and production fees under 5 U.S.C. § 552(a)(4)(A), and provided a detailed justification for satisfying each of the fee waiver factors under 15 C.F.R. § 4.11(*l*).

35. On September 10, 2018, the same day it submitted the request, FoE received a form email from NOAA acknowledging receipt of the request and assigning the request a tracking number, DOC-NOAA-2018-002064.

36. The due date for NOAA to issue a determination on FoE's FOIA request was October 5, 2018, under 5 U.S.C. § 552(a)(6)(A)(i).

37. On September 12, 2018, NOAA notified FoE that the agency had "fully granted" the organization's fee waiver request.

38. On October 4, 2018—the day before NOAA was required to provide a final determination on the FOIA request—NOAA sent FoE a letter via email inexplicably stating "additional information is necessary to adjudicate your request for a full waiver of fees." The letter failed to acknowledge that NOAA already had fully granted FoE's fee waiver request three weeks earlier.

39. The October 4 letter also directed FoE to certain publicly available records and stated NOAA had located 20 records responsive to FoE's request. NOAA did not provide FoE with either the records themselves or any way to access the records. The October 4 letter did not provide any timetable for responding to the remainder of FoE's FOIA request, any statement on the scope of records that the agency would produce, or any statement on the agency's planned withholdings or exemptions.

40. The October 4 letter purported to toll NOAA's statutory deadline until FoE provided a response regarding the fee waiver information and scope of request.

41. The same day, October 4, 2018, FoE responded via email providing the requested information, asking for access to the 20 responsive documents, and noting that NOAA already had granted the fee waiver. The response ended any purported tolling of NOAA's statutory

8

deadline to respond to FoE's FOIA request.

42. The new statutory deadline for NOAA to issue a determination on FoE's FOIA request was October 6, 2018.

43. NOAA did not respond to FoE until October 16, 2018—after the statutory deadline. On that date, NOAA provided 20 records it identified as responsive, which included only official FOIA guidance documents.

44. NOAA also stated in its October 16 letter that it was fully granting FoE's fee waiver request. NOAA inaccurately claimed it had not made a determination on the fee waiver request before that date.

45. The October 16 letter purported to toll NOAA's statutory deadline until FoE provided a response regarding the scope of its request, even though the statutory deadline already had passed on October 6.

46. On October 16, 2018, FoE initially notified NOAA via email that the interim release did not address its specific original requests for copies of FOIA requests and response letters.

47. On October 17, 2018, after further review of the interim release, FoE responded to NOAA via email that the release did not satisfy the other parts of its September 10 request, reiterating that its original request included communications between NOAA staff regarding FOIA practices. FoE offered to provide search terms and identify individuals most likely involved in relevant communications to assist NOAA in processing the request.

48. NOAA responded via email on October 17, 2018, that it would follow up the next day.

49. FoE received no communications from NOAA until October 23, 2018, when the

NOAA FOIA Officer left a voicemail requesting to discuss the scope of FoE's request.

50. Between October 25 and November 8, 2018, FoE repeatedly attempted to contact NOAA via phone and email to arrange a time to discuss the topics in the FOIA Officer's voicemail. NOAA did not respond to or otherwise acknowledge FoE's attempts to schedule the discussion NOAA had requested.

51. On November 8, 2018, NOAA sent FoE a letter stating that the agency was in the process of releasing final documents responsive to the organization's request. NOAA stated that the final documents would include only an internal staff contact list, "FOIA processing guidance" documents, and a list of FOIA requests received. The agency went on to state that any "additional or new parameters" to obtain the originally requested records would need to be "submitted through FOIAonline as a new FOIA request." The November 8 correspondence did not specify the full scope of the documents NOAA would produce or indicate any planned withholdings or exemptions.

52. FoE responded via email on November 8, 2018, asking NOAA to confirm that the final release would include the communications from the individuals in the contact list, as expressly requested in the initial FOIA request letter. NOAA did not respond to that email.

53. On November 20, 2018, NOAA again contacted FoE to arrange a conference call regarding the FOIA request.

54. FoE and NOAA held a conference call on November 21, 2018, regarding FoE's FOIA request. During the call, NOAA asked FoE to bifurcate its request into one request for FOIA requests received and official FOIA guidance documents, and another for communications related to FOIA processing. NOAA indicated it likely would deny the majority of the latter request. NOAA did not on the call offer a final determination on FoE's FOIA request, either in

full or in part. The parties also discussed how FoE may be able to assist NOAA with its search for responsive records by offering search terms to identify responsive records.

55. On December 4, 2018, FoE sent NOAA an email declining to bifurcate its request. FoE also asked NOAA for additional information on its internal records search capabilities to help FoE develop helpful search terms.

56. The parties exchanged emails on multiple other occasions between December 6, 2018, and December 19, 2018, regarding NOAA's records search process.

57. On December 10, 2018, FoE asked NOAA to produce the list of FOIA requests received that NOAA had indicated it was providing on November 8, 2018.

58. On December 17, 2018, NOAA notified FoE via email that it was releasing 19 purportedly responsive documents in a second interim release. NOAA did not provide FoE with any documents on that date. NOAA's correspondence did not provide any further timetable for responding to FoE's FOIA request, any statement on the scope of records that the agency would produce, or any statement on the agency's planned withholdings or exemptions.

59. On December 19, 2018, following notification from FoE that it had not received any records, NOAA provided the organization 19 records in a second interim release. NOAA indicated it would await suggested search terms from FoE before continuing to process the request.

60. On February 19, 2019, after collecting information about terms employed by other federal agencies processing similar FOIA requests, FoE provided NOAA with two sets of Boolean search terms via email to locate responsive records from the emails and email attachments of relevant NOAA staff: one set of somewhat broader terms for the NOAA FOIA Officer, and another set of narrower terms for eight other NOAA officials. FoE requested

NOAA to run *both* searches and, as soon as possible, provide an estimate on the time it would take to run the searches.

61. On March 4, 2019, NOAA responded via email to FoE that it had located 8,700 emails using the set of search terms for only the NOAA FOIA Officer. NOAA alleged, without explanation, that a vast majority of the emails were not responsive to FoE's request. On that basis, NOAA asked FoE to narrow or clarify the scope of its FOIA request. NOAA did not purport to have searched for responsive records from other NOAA staff.

62. FoE responded the same day, March 4, 2019, asking NOAA to explain whether any of the 8,700 records are responsive and how NOAA determined responsiveness.

63. NOAA responded via email on March 12, 2019, that it had, in fact, located responsive records.

64. The same day, March 12, 2019, FoE asked NOAA if it would release the records it identified as responsive. FoE also reiterated the scope of its request, with express reference to the language in its September 10, 2018 request letter.

65. NOAA and FoE exchanged further communications between March 12 and March 18, 2019, disputing NOAA's characterization of the scope of FoE's original request. At no time did NOAA provide any further timetable for responding to FoE's FOIA request or a final statement on the scope of records it would produce or withholdings or exemptions it would claim.

66. FoE sent NOAA an email on July 15, 2019, requesting that the agency provide the records it had identified as responsive, as well as all additional records responsive to the scope of the September 10 request.

67. FoE has received no further correspondence from NOAA to date.

68. FoE has not received all the responsive records or the reasonably segregable portion of non-exempt responsive records to date.

69. The due date for NOAA's FOIA determination was and remains October 6, 2018.

70. NOAA did not at any time notify FoE in writing or otherwise that it was extending the deadline due to "unusual circumstances."

71. Despite acknowledging receipt of the FOIA request and granting a fee waiver *twice*, NOAA has failed to substantively respond to FoE's FOIA request. NOAA has offered no estimate of the date by which it would provide all requested documents. None of NOAA's correspondence indicated the scope of the documents the agency would produce. Nor did any correspondence include information on planned withholdings or exemptions. NOAA thus never provided FoE with the determination required by FOIA and the governing regulations—more than one year after acknowledging receipt of the request and granting the fee waiver request, more than eleven months after the statutory due date for issuing a determination, and more than six months after acknowledging it had located additional responsive records.

**CLAIMS FOR RELIEF**

**Count I – Failure to Make a Determination on a FOIA Request, 5 U.S.C. § 552(a)(6), (7)**

72. The allegations made in paragraphs 1–71 are realleged and incorporated by this reference.

73. NOAA is an "agency" under FOIA. 5 U.S.C. § 552(f)(1). NOAA has possession and control of the requested records.

74. NOAA was required to provide a determination within 20 working days on FoE's FOIA request, dated September 10, 2018. *Id.* § 552(a)(6).

75. NOAA was required to provide "an estimated date on which the agency [would] complete action on the request." *Id.* § 552(a)(7)(B); *accord id.* § 552(a)(6)(B)(i).

76. The statutory due date for NOAA to provide a final determination on FoE's FOIA request was and remains October 6, 2018.

77. NOAA has not issued a determination on FoE's FOIA request, more than eleven months after that deadline. Nor has NOAA provided an estimated date on which it would complete action on the request.

78. FoE has constructively and fully exhausted all administrative remedies required by FOIA. *Id.* § 552(a)(6)(A), (C).

79. NOAA violated FOIA by failing to make the required determination within 20 working days in response to FoE's September 10, 2018 FOIA request. *Id.* § 552(a)(6).

80. NOAA violated FOIA by failing to provide an estimated date by which it would complete action on FoE's September 10, 2018 FOIA request. *Id.* § 552(a)(6)(B)(i), (7)(B).

**Count II – Failure to Respond to a FOIA Request, 5 U.S.C. § 552(a)(3), (b)**

81. The allegations made in paragraphs 1–71 are realleged and incorporated by this reference.

82. FOIA requires NOAA to process records requests and promptly provide the requested records or the reasonably segregable portion of the requested records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3), (b).

83. NOAA has provided FoE only a subset of the requested records. NOAA has not claimed that any or all of the records it has not yet provided are exempt from disclosure. Therefore, the interim responses do not constitute the reasonably segregable portion of the requested records not subject to a FOIA exemption.

84. NOAA has acknowledged it is in possession of additional responsive records the agency has not provided to FoE to date.

85. NOAA has not provided FoE all the requested records. NOAA has not provided FoE the reasonably segregable portion of the requested records not subject to a FOIA exemption.

86. NOAA has violated FOIA by failing to promptly provide the responsive records or the reasonably segregable portion of lawfully exempt responsive records to FoE. *Id.*

## REQUEST FOR RELIEF

WHEREFORE, FoE prays that this Court:

1. Declare that NOAA failed to make a timely determination on FoE's records request in violation of FOIA, 5 U.S.C. § 552(a)(6), (7);

2. Declare that NOAA failed to promptly provide records in response to FoE's information request in violation of 5 U.S.C. § 552(a)(3), (b);

3. Order NOAA to provide a determination on FoE's FOIA request, as required by FOIA;

4. Order NOAA to conduct searches that are reasonably calculated to locate all records responsive to FoE's FOIA request, as required by FOIA;

5. Order NOAA to provide FoE all responsive records or the reasonably segregable portions of lawfully exempt records, as required by FOIA, within 20 days of this Court's order;

6. Maintain jurisdiction over this action until NOAA is in compliance with FOIA and every order of this Court;

7. Award FoE its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

8. Grant such other and further relief as the Court may deem just and proper.

//

//

Respectfully submitted this 17th day of September, 2019.

/s/ Susan Stevens Miller
Susan Stevens Miller (MD Bar 6100)
EARTHJUSTICE
1625 Mass. Ave., NW, Ste. 702
Washington, DC 20036
202-667-4500 Telephone
202-667-2356 Fax
smiller@earthjustice.org

Christopher D. Eaton (*pro hac vice* pending)
Stephen D. Mashuda (*pro hac vice* pending)
EARTHJUSTICE
705 2nd Ave., Suite 203
Seattle, WA 98104
206-343-7340 Telephone
206-343-1526 Fax
ceaton@earthjustice.org
smashuda@earthjustice.org

*Attorneys for Plaintiff Friends of the Earth*